IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| LISA MARIE PRESLEY, *a/k/a LisaJohansen*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 13-2191-JTF-cgc |
| JP/POLITIKENS HUS, a Danish Foundation, et al. | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT, GRANTING CERTAIN DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND GRANTING DEFENDANTS'MOTION TO DISMISS**

Before the Court is the Magistrate Judge's Report and Recommendation filed on January 6, 2014. (DE #73). On January 27, 2014, Plaintiff filed her written objections to the Magistrate's report and recommendation.[1] (DE #81). The Defendants separately filed responses to Plaintiff's objections on February 3, 2014 and February 10, 2014.[2] (DE #82 and DE #83).

The Court has reviewed *de novo* the Magistrate Judge's Report and Recommendation, the legal analysis, Plaintiff's objections and Defendants' responses to Plaintiff's objections,

---

[1] Plaintiff's objections to the Magistrate's Report and Recommendation should have been filed within fourteen days of the entry of the Magistrate's Report and Recommendation or no later than January 20, 2014.
[2] DE #82  captioned, "Response in Opposition to Plaintiff's Notice of Dismissal and Motion to Strike"  will be treated as Defendants' Kronofogdemyhndigheten, Svenska Handelsbanken, Carin Wilklund-Jorgensen, Lennart Christianson, Rikard Backelin, Inger Sodeholm, Annika Hietala, Marianne Gauffin, Hans Tornqvist, Sigtuna Kommun and Lola Svensson's  Response to Plaintiff's Objections. DE #83, captioned "

1

in addition to the entire record. For the reasons stated below, the Court overrules Plaintiff's objections and finds the Magistrate Judge's report and recommendation should be adopted and the case dismissed with prejudice.

## I. FINDINGS OF FACT

On March 28, 2013, Plaintiff, a Swedish resident currently living in Florida, filed a sixty-two (62) page complaint against several organizations, corporations, governmental agencies, municipalities, and numerous named judges and unnamed individual residents of Sweden and Denmark, the collective "Defendants." Adopting the Magistrate's proposed findings of fact, Plaintiff alleges that the Defendants conspired to commit acts of racketeering, forgery, fraud, obstruction of justice and identity theft, *inter alia*, against Plaintiff and her family in violation of 18 U.S.C. §2 and 18 U.S.C. §1962, *et seq.*, and Article VI of the United States Constitution. (DE #1).

Plaintiff contends the Defendants conspired to confiscate and exploit documentation that proved she is the "rightful daughter of Mr. Elvis Presley." Plaintiff alleges that because of the Defendants' conspiracy and their many associated acts of harassment, i.e. modification of her medical records, initiating child abuse proceedings, billing her home ten times the average electricity rate, denying her daughter's enrollment in public and home-schooling, she and her children's health and welfare

2

suffered. Plaintiff ultimately alleges that she has been denied the right to her genealogy as well as the ability to safely reside in her homeland, Sweden.[3]

## II. PROCEDURAL HISTORY

This matter was filed in this court on March 28, 2013. (DE #1). On July 16, 2013, the matter was referred to the Magistrate Judge for administration, determination, or for report and recommendation of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. Rule Civ. P. 1.  (DE #9). Plaintiff filed Motions and Affidavits for Entry of Default against Defendants JP/Politikens HUS, Sigtuna Kommun, Lennart Christianson, Kronofogdemyndigheten, Hans Ahnberg, Ralph Gluckman, Lola Svensson, Varingaskolan, Sigtuna Batklubb, and Inger Soderholm.[4]  On September 23, 2013, the Clerk entered Defaults against Defendants Kronofogdemyndigheten, Ralph Gluckman, Hans Ahnberg, Lola Svensson, Varingaskolan, Lennart Christianson, Sigtuna Kommun, Sigtuna Batklubb, and Inger Soderholm.[5] Accordingly, Plaintiff subsequently filed Motions for Default Judgments against these same Defendants, as well as, against those whom the Clerk had denied motions for default, Annika Hietala, Carin Wiklunc-Jorgensen, Rikard Bakelin, Svenska

---

3 The Complaint provides that even as a newborn, Plaintiff's footprints were duplicative to the alleged footprints of Elvis Presley when he was a newborn and that despite her Swedish heritage, she speaks "flawless English with a Tennessee accent." DE #1, n .8.
4 DE #4, DE #10, DE #13-14, DE #20-22, DE #31- DE #33.
5 DE #35 - DE #43.

Handelsbanken, Marianne Gauffin, Hans Tornqvist, and JP/Politikens HUS.[6] On October 8, 2013, Kronofogdemyndigheten, Lennart Christianson, Inger Soderholm, Lola Svensson, and Sigtuna Kommun filed a Motion to Set Aside Entries of Default.[7] (DE #56).

On November 6, 2013, Defendants JP/Politikens HUS and Ulrik Haagerup, (the "JP Defendants") filed a Motion to Dismiss Plaintiff's complaint pursuant to Fed. Rule Civ. P. 12(b). (DE #66).[8] Plaintiff filed her responses and supplemental responses to the JP Defendants' Motion to Dismiss on December 4, 2013 and December 9, 2013. (DE #69 – DE #71).

Based on her proposed findings of fact and determinations, the Magistrate Judge issued a report and recommendation on January 6, 2014 to: 1) grant JP Defendants' Motion to Dismiss for lack of personal and subject matter jurisdiction and for insufficient service of process pursuant to 28 U.S.C. §§1331 and 1332; 2) set aside the entries of default for insufficient service of process against the named Defendants in Denmark and in Sweden in accordance with Fed. Rule Civ. P. 4(f)(1) and (h)(2); and 3) deny Plaintiff's Motions for Default Judgments.

---

6 DE #44 – DE #54.
7 On November 1, 2013, the Magistrate Judge conducted a telephonic conference and entered an Order staying, with a few exceptions, any additional filings until further notice by the Court. DE #64.
8 On the same date, Plaintiff filed a Motion to Dismiss the JP Defendants, DE #65, which was denied without prejudice on January 6, 2014. DE #74 In Plaintiff's Response to the Motion to Dismiss, Plaintiff concedes that Dismissal of these Defendants is appropriate but should be without prejudice. DE #69.

Finally, the Magistrate Judge recommended that because Plaintiff has failed to sufficiently allege claims for relief under RICO nor effected service on any of the defendants, that the Court *sua sponte* dismiss the action in its entirety against all defendants for lack of subject matter jurisdiction. (DE #73).[9]

On January 16, 2014, Plaintiff filed a Notice of Voluntary Dismissal of Defendants Annika Hietala, Carin Wklund-Jorgensen, Rikard Backelin, Svenska Handelsbanken, Marianne Gauffin and Hans Tornqvist. (DE #78).  On the same date, Plaintiff also filed a Motion to Strike Defendants' Motions to Dismiss. (DE # 79).

Plaintiff filed written objections to the Magistrate's report and recommendation on January 27, 2014, DE #81, and Defendants subsequently filed their response to Plaintiff's objections on February 10, 2014. DE #81 and DE #83.[10]

### III. LEGAL STANDARD

After referring a dispositive motion to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the district judge must review *de novo* a magistrate judge's proposed findings of fact and recommendations in dispositive motions. The rules provide:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided

---

9 The Magistrate Judge also lifted the Stay for filing further motions on January 9, 3024.  (DE #75).
10 Defendants filed a Response in Opposition to Plaintiff's Notice of Dismissal and Motion to Strike, DE #82, on February 3, 2014, that the Court has considered in issuing the current ruling.

5

> by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations. *U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record only to matters involving disputed facts and findings. *Mira*, 806 F.2d at 637. Also, de novo review is not required when the objections to the report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### IV. ANALYSIS

#### A. Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(3) provides that a court must dismiss the action, if it determines at any time that it lacks subject matter jurisdiction. *Moir v. Greater Cleveland Ohio Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When an issue of subject matter jurisdiction is raised through a motion to

6

dismiss, the plaintiff bears the burden of establishing jurisdiction. *Id.* In this case, the Magistrate Judge has recommended that the Defendant's motion to dismiss be granted because all of the parties are residents of Sweden or Denmark. Thus, diversity of citizenship is lacking.

To maintain a diversity action, not only must the amount in controversy exceed $75,000 but the parties must be citizens of different states. *See* 28 U.S.C. §1332(a). The Magistrate correctly denoted that citizenship and residence are distinguishable. As such, more factors are required to establish citizenship other than Plaintiff's mere residence in Florida, as opposed to Sweden, the locale of the various defendants. Plaintiff must establish that Florida is her domicile and that she is physically present in the state with the intention of making Florida her permanent home without plans or desires to move elsewhere. *Deasy v. Louisville & Jefferson County Metropolitan Sewer Dist*. 47 Fed. Appx. 726, 728 (6th Cir. 1973).

Plaintiff objected to the Magistrate's determination that diversity was lacking. Plaintiff claims she asserted U.S. Citizenship by noting her birthplace was Memphis, Tennessee, and her "factual allegation" that she is the rightful heir of Mr.

Elvis Presley.[11]  However, as the Magistrate Judge correctly noted, Plaintiff avers in a complaint filed in another matter pending before this Court that she is a resident of Sweden.[12] Further, although Ms. Presley is physically in Florida, she contends she is only there because of the Defendants' perceived actions, which form the basis for the instant lawsuit. Quoting language in the Complaint:

> "Plaintiff is unable to reside in her home in Sweden as a consequence of the racketeering activity and threats against her children as described in this Complaint.  Plaintiff has been residing in Florida for over six months as a result of the racketeering activity.[13]
>
> . . . . for the third time, as a result of defendants' unlawful activity, has been driven from her home in Sigtuna after asserting her rightful station in the United States. Furthermore, to protect the welfare of Plaintiff's children threatened by the racketeering activity of defendants Sigtuna, Svensson, Ahnberg and Bluckman, Plaintiff cannot return to her home or to her business. This is extreme malicious sanctions and retaliations for Plaintiff's lawsuit and a severe obstruction of the administration of justice. Defendant's unlawful conduct has made it impossible for Plaintiff to manage profession, business, family and her life in Sweden as a whole due to the severity of the sanctions imposed against Plaintiff".[14]

The Magistrate correctly concluded that based on her own

---

11 DE #60, DE #67 and DE #80 n. 6-7.
12 DE #1;   Case No. 11- cv-3036-JTF-dkv ; *Lisa Johansen v. Priscilla Presley* et al. - The Complaint in this case indicates that  Plaintiff Lisa Johansen (Plaintiff) is  a resident of Sweden. Although included in her Objections, Plaintiff asserts she is a United States citizen, domiciled in Memphis, Tennessee.  DE #80, p. 4.
13 DE #1, n. 1.
14 DE #1, ¶32. The allegations in said paragraph continue that Plaintiff had to leave Sweden hastily and that her children were enrolled in schools including public daycare and a private boarding school in Sweden. Also, see n. 44.

admissions, Plaintiff's actual citizenship and domicile is Sweden despite her current residence in the state of Florida.

Agreeing with the Magistrate's report and recommendation, the Defendants reply that Plaintiff's objections are without merit because: 1) there is no diversity of citizenship; 2) the Magistrate did not disregard Plaintiff's proposed Rule 41 dismissals as to the JP Defendants; 3) JP Defendants were never properly served; and 4) the Court lacks subject matter jurisdiction because the RICO claim is barred by *res judicata* and time-barred by the statute of limitations. The JP Defendants go one step further requesting that the Court impose Rule 11 sanctions and dismiss the case with prejudice. (DE #81).

However, absent diversity of citizenship, a federal court may still have jurisdiction over the claims if a federal question is raised. *Joseph v. Baxter Int'l Inc.*, 614 F.Supp.2d 868, 871, quoting *Caterpiller , Inc. V. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

### B. Personal Jurisdiction

In order to demonstrate specific personal jurisdiction, a plaintiff must establish that: 1) defendant purposefully availed himself of the privilege of acting in the forum or intentionally caused a consequence in the forum; 2) the cause of action arose from defendant's activities in the forum; and 3) acts of defendant or consequences caused by the defendant have a

substantial enough connection with forum to make the exercise of jurisdiction reasonable. *Cupp v. Alberto Cuvler USA, Inc.*, 308 F.Supp.2d 873, 877-78 (W.D. Tenn. 2004).

In her report and recommendation, the Magistrate Judge concluded the Court lacked personal jurisdiction over the instant matter. Despite Plaintiff's protracted allegations, the Court agrees that none of the defendants maintained continuous and systematic contacts in this forum, nor within the United States, to render any of them subject to personal jurisdiction in this Court. Plaintiff alleges in part:

> 15. At all relevant times, the substantial part of the unlawful acts and conduct alleged in this complaint was meant to take effect in the United States generally and Shelby County specifically and when relevant to retaliate for and obstruct the judicial proceedings in the District Court of the Western District of Tennessee in *Johansen v. Presley* et al. 18 U.S.C. §1512 (i); United Nations Convention on Transnational Organized Crime ("UNCTOC") article 15. [15]

**C. RICO Claim**

In order to survive a motion to dismiss for lack of personal and subject matter jurisdiction, the Plaintiff must then establish a *prima facie* case of RICO in order to survive dismissal with prejudice without the parties having diversity of citizenship. *Lepard v. NBD Bank*, 384 F.3d 232, 236 (6th Cir. 2004). As such, the Court will address whether Plaintiff has

---

[15] DE #1, ¶15.

sufficiently plead a RICO claim.

Aside from the procedural impediments that justify adopting the Magistrate's report and recommendation and dismissing this case, Plaintiff has also failed under Fed. Rule Civ. P. 8(a)(2) to plead factual matters that are facially plausible to support her allegations of RICO violations as well as conspiracy, fraud and misrepresentation.

In order to prove a RICO violation under 18 USC § 1962, the Plaintiff must establish: (1) the existence of an enterprise which affects commerce; 2) that the defendants "associated with" the enterprise; 3) that the defendants participated in the conduct of the enterprise's affairs; and 4) that the participation was through a pattern of racketeering activity. *U.S. v. Sinito*, 723 F.2d 1250, 1250 (6th Cir. 1983).

In *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012), the Sixth Circuit elaborated that in order for a plaintiff to plausibly state a civil claim for conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO), the plaintiff must successfully allege all of the elements of a RICO violation, as well as, allege the existence of an illicit agreement to violate the substantive RICO provision alleged. *Id.* at 411.

The plaintiff must demonstrate the alleged RICO violations by a showing that the defendants objectively manifested an

agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes. See *Henrich,* 668 F.3d at 411. In the instant case, Plaintiff alleges in her complaint that for over twenty (20) years, she has amassed corroborating evidence of organized crime and racketeering activities that denied her professed status – "that she by birth is the rightful and only person known as Lisa Marie Presley." (DE #1 ¶16). The Complaint continues with rambling and conclusory assertions that Defendants committed "abhorrent, despicable and wrongful actions.... For the sole purpose of destroying . . . every aspect of Plaintiff's life . . . which included threats of death and kidnapping." (DE #1, ¶19-¶77). However, Plaintiff's problem is her continued admission that evidentiary documentation is unavailable. (DE #1, n.13 and n.22).

Finally, Plaintiff objects that the Magistrate Judge ignored her claims of mail fraud against the Defendants and only focused on the RICO claims. She argues that her RICO claim is predicated on mail fraud and thus prevents her from having to establish reliance on defendant's misrepresentation as an element or proximate cause of the RICO claim.[16]

When pleading predicate acts of mail or wire fraud, a plaintiff must 1) specify the statements that plaintiff contends

---

16 DE #80, p. 4.

were fraudulent; 2) identify the speaker; 3) state where and when the acts were made, and 4) explain why the statements were fraudulent. *Heirich,* 668 F.3d 393 at 404. The Court finds Plaintiff's objection in this regard also lacks merit based on the Magistrate Judge's determination that none of the alleged activities comprising mail fraud or fraudulent misrepresentation occurred in the state of Tennessee. *Nationwide Mut. Ins. v. Tyg Intern. Ins. Co., Ltd.* 91 F.3d 790, 796-97 (6th Cir. 1996)(existence of a contract with a citizen of a forum state, standing alone, will not suffice to confer personal jurisdiction over a foreign defendant).

The primary allegations of the RICO and fraud conspiracy underlying this case involve the publication of "I Lisa Marie." Plaintiff continues, at length, regarding how the publishers and others associated with this project gathered information about her alleged stolen identity claims. However, Plaintiff failed to support with specificity the elements of a mail or wire fraud claim. Again, she admits she lacks documentation to prove her claims.

Plaintiff's claims that the defendants' actions deny her rights to the Presley enterprise here in Tennessee do not establish contact in this forum. The Supreme Court has clarified that "prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual

course of dealing . . .  must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum." *Burger King v. Rudzewicz*, 471 U.S. 461, 474, 105 S.Ct. 2174, 2183, 88 L.3d. 2d. 528 (1985) quoting, *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)(holding personal jurisdiction must be based on something the defendant has done in the forum). There have not been the minimum contacts in this forum to establish personal jurisdiction.

### D. Ineffective Service

The Magistrate concluded that by attempting service upon the Defendants by mail and email, Plaintiff had failed to properly serve the Defendants in accordance with the provisions authorized by the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1) and (h)(2); *Cupp v. Alberto-Culver USA, Inc.* 308 F.Supp.2d 873, 879 (W.D.Tenn. 2004); *Davenport v. HansaWorld, USA, Inc*. 2013 U.S. Dist. LEXIS 76702, at *U1-2 (S.D. Miss. May 31, 2013).

A few courts within the Sixth Circuit have held that service upon a defendant by registered United States Mail does not comply with the Hague Convention. *Cupp*, 308 F.Supp. at 880. Similarly, the Magistrate Judge concluded that in the same manner, service by email is ineffective. Plaintiff objected to

the Magistrate's proposed findings, yet confirmed that she has never attempted service upon Haagerup and merely re-alleged that Denmark has never expressly excluded service by mail.[17] Although, registered mail may effect service of process under the Hague Convention as long as the receiving country does not object, service must still comply with Fed. R. Civ. P. 4(e)(1). *Sibley v. Alcan, Inc.,* 400 F.Supp.2d 1051, 1052 (N.D. Ohio 2005). All of Plaintiff's certificates/attestations of service contained in the record indicate that the complaint, supporting attachments and summonses were sent by email or by first class mail to the Defendants.[18] Moreover, Plaintiff confirms in her objections that the JP Defendants were never served, "[i]t was the subsidiary that found the complaint on a public website, and the editor read about the story in a newspaper." [19]  This does not qualify as proper service.

The Magistrate correctly concluded that Default Judgments against Defendants Inger Soderholm, Kronofogdemyndigheten, Lennart Christianson, Lola Svensson, Sigtuna Kommun should be set aside for lack of personal jurisdiction as discussed *supra*. (DE #66).

**E. Sanctions**

Under Fed. R. Civ. P. 11(b), the Court has the inherent

---

17 DE #4, DE #4-1, and DE #81.
18 DE #6, DE #11, DE #12, DE #15, DE #16, DE #17, DE#19, DE #23, and DE #24.
19 DE #81, p. 5.

authority to award fees or issue sanctions when a party litigates "in bad faith, vexatiously, or for oppressive reasons." *First Bank of Marietta v. Harford Underwriters Ins. Co*, 307 F.2d 501, 511 (6th Cir. 2002). A district court need not make a finding of harassment in order to conclude that the suit was filed for improper purpose and in bad faith in order to support an award for sanctions. The court is merely required to utilize its discretion to fashion an appropriate remedy for conduct that abuses the judicial process. *Id.* at 524.

Defendants request that the Court sanction Plaintiff because her pleadings and objections to the Magistrate's report and recommendation are frivolous and constitute bad faith. Defendants contend that because Plaintiff now contests the Court's dismissal of parties she had voluntarily agreed to dismiss, their motion to dismiss should be granted with prejudice. The Court finds that Plaintiff failed to proffer any claims indicative of a RICO conspiracy. More importantly, she failed to provide any evidence that the Defendants were properly served or that the Court has subject matter or personal jurisdiction over this case.

Regardless how ill-founded, menacing and harassing, Plaintiff's claims may have been to the Defendants, the Court finds that Plaintiff is under an extreme illusion that she has been denied the right to practice her profession, personal

16

identity, and the right to safely live in her homeland. She maintains that many foreign officials and entities were engaged in a conspiracy to deny her identity. Although the elements of these claims were not established, the Defendants' motion for Rule 11 sanctions is denied. *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.* 88 F.3d 368, 375 (6th Cir. 1996)(district courts are not required to explain their reasons for not ordering sanctions). *Id.*

## V. CONCLUSION

For the reasons set forth above, the Court finds the Magistrate has correctly concluded that the case must be dismissed for lack of personal and subject matter jurisdiction pursuant to Fed. Rule Civ. P. 12 (b)(1) and 12(b)(4). As such, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant certain Defendants' Motion to Dismiss for lack of subject matter jurisdiction, DE #66. The Court also adopts the Magistrate's Report and Recommendation to grant certain Defendants' Motion to Set Aside the Entry of the Default Judgments, DE #56, and to deny Plaintiff's Motions for Default Judgments, DE #44 - DE #52. Accordingly, all other pending motions filed by Plaintiff are rendered MOOT. (DE #8, DE #19, DE #23, DE #29, DE #77- DE #79. By this ruling, Defendants' JP/Politikens HUS and Ulrik Haagerup's Motion for Leave to File a Response, DE #68, the Response, DE #81, and Defendants' Motion

17


to Dismiss, DE #77, are deemed MOOT.  In conclusion, based on the Court's lack of jurisdiction, the case is DISMISSED with prejudice.

Finally, because the Court has ruled that it lacks subject matter jurisdiction, any further filings by Plaintiff in this Court would be futile. Plaintiff is directed not to file any further documents, motions or notices in this closed case other than a notice of appeal pursuant to Fed. R. App. P. 3.[20]

**IT IS SO ORDERED** on this 24th day of February, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[20] Further, the Sixth Circuit has advised that courts are not required to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.  Young Bok Song v. Gipson, 423 F.App'x 506, 510 (6th Cir. 2011), cert. denied, 132 U.S. 461, 132 S.Ct. 461, 181 L.Ed.2d 3200 (2011).